Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Telephone: (775) 284-1500
Facsimile: (775) 703-5027
Email: mark@thiermanbuck.com
Email: josh@thiermanbuck.com
Email: leah@thiermanbuck.com

*Attorneys for Plaintiff*
*EMIL BOTEZATU*


Amy Abdo, Nev. Bar No. 6881
FENNEMORE CRAIG
1400 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
amy@fclaw.com

*Attorneys for Defendant*
*LAS VEGAS LIMOUSINES, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EMIL BOTEZATU, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>LAS VEGAS LIMOUSINES, LLC; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: 2:16-cv-00397-RFB-PAL<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

The above-referenced putative collective and class action ("Action") having come before the Court on September 19, 2017, for a hearing and this Final Order Approving Class Action Settlement and Judgment ("Court's Final Order and Judgment"), consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered on June 5, 2017, and as set forth in the First Amended Joint Stipulation of Settlement and Release Between Plaintiff and Defendant ("Stipulation of Settlement" or "Settlement") in the Action, and due and

adequate notice having been given to all Class Members as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. All terms used herein shall have the same meaning as defined in the Stipulation of Settlement.

2. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members.

3. Distribution of the Notice and the Exclusion Form directed to the Class Members as set forth in the Stipulation of Settlement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and as otherwise set forth in the Stipulation of Settlement. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation of Settlement, to all persons entitled to such a Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and the Court's Final Order and Judgment.

4. The Court hereby finds the Settlement was entered into in good faith. The Court further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement.

5. The Court hereby approves the Settlement set forth in the Stipulation of Settlement and finds the Settlement is, in all respects, fair, adequate and reasonable, and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive, arms-length negotiations. The Court further finds the Parties have conducted extensive and costly investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds the Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has

reviewed the benefits that are being granted as part of the Settlement and recognizes the significant value to the Class Members. The Court also finds the Class is properly certified as a class for settlement purposes only. The Court also hereby finds there were no objections to the Settlement filed prior to or raised by any person on the record at the Final Approval Hearing that change the Court's decision to approve the Settlement.

6. As of the date of the Court's Final Order and Judgment, each and every Class Member is and shall be deemed to have conclusively released the Released Claims as against the Released Parties. As of the date of the Court's Final Order and Judgment, each and every Class Member who has not submitted a valid Request for Exclusion hereby releases and is forever barred and enjoined from instituting or prosecuting the Released Claims, except as to such rights or claims as may be created by the Settlement, against the Released Parties from February 25, 2013 through October 10, 2016. In addition, as of the date of the Court's Final Order and Judgment, each Class Member who has not submitted a valid Request for Exclusion is forever barred and enjoined from instituting or accepting damages or obtaining relief against the Released Parties relating to the Released Claims from February 25, 2013 through October 10, 2016. It is further ordered that by cashing the Settlement check, Class Members have consented to become a party plaintiff in this action and release all legal claims asserted in that action, including but not limited to claims asserted under the Fair Labor Standards Act, 29 U.S.C. § 207, et seq. and Nevada Revised Statutes Chapter 608.

7. Neither the Settlement nor any of the terms set forth in the Stipulation of Settlement is an admission by the Released Parties, nor is the Court's Final Order and Judgment Dismissing a finding of the validity of any claims in the Action or of any wrongdoing by the Released Parties. Neither the Court's Final Order and Judgment, the Stipulation of Settlement, nor any document referred to herein, nor any action taken to carry out the Stipulation of Settlement is, may be construed as, or may be used as, an admission by or against the Released Parties, of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation of Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the

denials or defenses by the Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Court's Final Order and Judgment, the Stipulation of Settlement, the Released Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action, or submit in any other proceeding, the Court's Final Order and Judgment, the Stipulation of Settlement, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of *res judicata*, *collateral estoppel*, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8. The Court hereby enters judgment in the Action, as of the date of entry of the Court's Final Order and Judgment, pursuant to the terms set forth in the Stipulation of Settlement. Without affecting the finality of the Court's Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement, and all orders entered in connection therewith.

9. The Court hereby finds the settlement payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

10. The Court hereby confirms Thierman Buck, LLP as Class Counsel in the Action.

11. Pursuant to the terms of the Settlement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the amount of $239,472 and attorney costs in the amount of $6,500 to be deducted and paid from the Maximum Settlement Amount, as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel and any other person or entity related to the Action. The Court further orders that the award of attorneys' fees and costs set forth in this Paragraph shall be administered pursuant to the terms of the Stipulation of Settlement, and transferred and/or made payable to Class Counsel in the Action.

12. The Court also hereby approves and orders Enhancement Awards to Class Representative Emil Botezatu in the amount of $20,000 and each of the Class Declarants in the amount of $2,000 to be paid from the Maximum Settlement Amount as set forth in the Stipulation of Settlement.

13. The Court also hereby approves and orders payment from the Class Settlement for actual claims administration expenses incurred by the Claims Administrator, Simpluris, Inc., to be paid from the Maximum Settlement Amount as set forth in the Stipulation of Settlement.

14. The Court also hereby finds and orders that the Stipulation of Settlement is and constitutes a fair, reasonable and adequate compromise of the Released Claims against the Released Parties.

15. Provided the Settlement becomes effective under the terms of the Stipulation of Settlement, the Court also hereby orders the deadline for mailing or otherwise delivering the Court-approved Settlement Awards, attorneys' fees and costs, and Enhancement Awards is as set forth in the schedule within the Preliminary Approval Order.

16. The Court further orders that any Settlement Awards shall remain valid and negotiable for 90-days from the date of issuance and that any Settlement Awards that remain uncashed after the expiration of the 90-day negotiable period shall be cancelled and the monies comprising the Settlement Award shall be distributed in equal amounts to *cy pres* recipients Opportunity Village Foundation and Three Square.

**IT IS SO ORDERED.**

DATED: September 19, 2017

_____
RICHARD F. BOULWARE, II
United States District Judge